**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4259**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRANCE LEROY FISHER,

Defendant - Appellant.

On Remand from the United States Supreme Court.
(S. Ct. No. 03-10819)

Submitted: September 23, 2005          Decided: March 3, 2006

Before WIDENER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Remanded by unpublished per curiam opinion.

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.L.L.C., Wilmington, North
Carolina, for Appellant.  Frank D. Whitney, United States Attorney,
Anne M. Hayes, Christine Witcover Dean, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Terrance Leroy Fisher was convicted, by a jury, of five counts of distribution of cocaine base, in violation of 18 U.S.C. § 841(a) (2000). We affirmed his conviction and sentence. See United States v. Fisher, No. 03-4259 (4th Cir. Mar. 1, 2004) (unpublished).

Fisher filed a petition for writ of certiorari in the Supreme Court of the United States. His petition was granted, and this court's judgment was vacated, in light of the decision in United States v. Booker, 125 S. Ct. 738 (2005). Fisher's case has been remanded to this court for further proceedings. Id.

Fisher's sentence was imposed prior to the decision in Booker and its predecessor, Blakely v. Washington, 542 U.S. 296 (2004), and he did not raise objections to his sentence based on the mandatory nature of the Sentencing Guidelines or the district court's application of sentencing enhancements based on facts not admitted by Fisher or found by the jury beyond a reasonable doubt. Therefore, we review his sentence for plain error. See United States v. Hughes, 401 F.3d 540, 546-60 (4th Cir. 2005). Fisher's indictment stated an unspecified amount of crack cocaine. Without any enhancement, Fisher started at a base offense level of twelve, which corresponds to the lowest amount of cocaine base listed in the guidelines. See USSG § 2D1.1(c). The district court enhanced Fisher's sentence based solely on the statement of one informant,

resulting in a base offense level of thirty-four, for an offense that involved 220.7 grams of cocaine base. This enhancement was neither found by the jury nor admitted by the defendant,[1] and it resulted in a guideline range of 188 to 235 months' imprisonment. The district court imposed a term of imprisonment of 235 months for counts three through seven, to be served concurrent to one another. If not for the amount of crack cocaine, a fact found by the district court (and disputed by Fisher at sentencing), his offense level would be set at a level of twelve, resulting in a guidelines range of fifteen to twenty-one months on each count. USSG Ch. 5, Pt. A (Sentencing Table). Fisher's 235-month sentence on each count thus meets the standard for plain error that must be recognized under the reasoning set forth in Hughes.[2]

---

[1]The district court also adopted the criminal history calculation prepared by the probation officer, which listed four points for criminal convictions, to which it added two points pursuant to USSG § 4A1.1(e), based on the instant offense being committed less than two years following Fisher's release from the North Carolina Department of Correction, for a total of six criminal history points and an attendant criminal history category of III. We find that this addition to Fisher's criminal history calculation is not error under this court's reasoning in United States v. Thompson, 421 F.3d 278, 282, 283-86 (4th Cir. 2005), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Oct. 25, 2005) (No. 05-7266)(finding that facts "of" prior conviction, including those "normally found in conclusive judicial records", as compared to facts "about" prior conviction, properly may be determined by the court by preponderance of the evidence).

[2]Just as we noted in Hughes, 401 F.3d at 545 n.4, "w[e] of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Fisher's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial

Thus, we remand this case for resentencing. Upon resentencing, the district court will calculate a sentencing range in accordance with the guidelines, although that range will be advisory rather than mandatory. See Booker, 125 S. Ct. at 767 (noting that the sentencing court must still "consult [the] Guidelines and take them into account when sentencing"). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REMANDED

---

was settled and clearly contrary to the law at the time of appeal").